MEMORANDUM **
Plaintiff-Appellant Elon Christmas (“Christmas”) filed a class action complaint in the Superior Court of California on February 5, 2015 alleging that Defendant Union Pacific Railroad (“Union Pacific”) required certain employees to work 12-hour shifts in violation of California Labor Code § 604. On March 12, 2015, Christmas amended his complaint to include four individual defendants, George R. Davis, Zachary J. Pittman, John E. Yettaw, and Kenneth R. Fair (collectively “Local Defendants”), who are, respectively, the Superintendent, Director of Inter-modal Terminal Operations, Senior Manager of Intermodal Terminal Operations, and Manager of Intermodal Terminal Operations at the rail yard location where Christmas works as a Manager of Inter-modal Operations. Union Pacific removed to the district court pursuant to the Class Action Fairness Act (“CAFA”), 28 U.S.C.A. § 1332(d). The district court denied Christmas’s motion to remand based on CAFA’s “local controversy” exception, 28 U.S.C.A. § 1332(d)(4)(A), and granted judgment on the pleadings, with prejudice, to Union Pacific on preemption grounds.
We reverse the district court, vacate its judgment on the pleadings, and remand with instructions to remand to the Superi- or Court of California.
Under CAFA’s “local controversy” exception, district courts are required to re *889 mand certain cases that are truly local in focus, a determination based on several statutory factors. 28 U.S.C.A. § 1332(d)(4)(A)(i). The parties dispute only two factors in this case: whether “significant relief’ is sought from at least one of the Local Defendants, 28 U.S.C.A. § 1332(d)(4)(A)(II)(aa), and whether the conduct of at least one of the Local Defendants formed a “significant basis” for the claims asserted, 28 U.S.C.A. § 1332(d)(4)(A)(II)(bb). In determining whether these requirements are satisfied, “a federal district court is limited to the complaint.” Coleman v. Estes Express Unes, 631 F.3d 1010, 1012 (9th Cir. 2011).
The district court erred in finding that “significant relief’ “cannot be derived from” the Local Defendants. “To determine if the Plaintiffs claim ‘significant relief from” a defendant, “we look to the remedies requested by the Plaintiffs.” Benko v. Quality Loan Serv. Corp., 789 F.3d 1111, 1119 (9th Cir. 2015). Christmas’s complaint claims entitlement to statutory damages. It alleges that under Cal. Labor Code § 606, the Local Defendants are liable for statutory penalties of $100-$1000 per violation. Union Pacific, by contrast, is liable for penalties of $500-$5000 per violation. There are four Local Defendants, meaning that the amount sought against the collective group represents 80% of the total penalties for which Union Pacific could be liable. The complaint also seeks injunctive relief against the individual defendants, which weighs in favor of “significant relief.” See Benko, 789 F.3d at 1119; Coleman, 631 F.3d at 1020. The relief requested against the Local Defendants is “significant” both comparatively and absolutely.
The district court further erred in finding that the Local Defendants’ conduct did not form a “significant basis” for the claims asserted. “To determine if the ‘basis for the claims’ against” a defendant is “significant,” “we compare the’ allegations against [that defendant] to the allegations made against the other Defendants,” looking specifically at “[that] defendant’s ‘basis’ in the context of the overall ‘claims asserted.’” Benko, 789 F.3d at 1118. The complaint alleges that the Local Defendants are “responsible for scheduling hours and days of work.” This is precisely the conduct that plaintiffs claim is illegal. Even if the conduct of the Local Defendants is controlled by Union Pacific, and even if they act solely pursuant to Union Pacific’s policies, the conduct of the Local Defendants “nonetheless remains the conduct of [the Local Defendants], for which [they] may be held liable.” See Coleman, 631 F.3d at 1020. Additionally, as explained above, the complaint alleges that each Local Defendant is liable for an amount equal to 20% of the penalties Union Pacific could face; collectively, their conduct far exceeds the local defendant’s liability—15-20% of total claims—that was found “significant” in Benko. 789 F.3d at 1119. However it is measured, the conduct of the Local Defendants provides a “significant basis” for the claims set forth in Christmas’s complaint.
Although district courts may consider other evidence to make jurisdictional decisions with respect to other CAFA provisions, for the purposes of the local controversy exception “the district court is to look to the complaint rather than to extrinsic evidence.” Coleman, 631 F.3d at 1016 (emphasis added). Here, there is no other way to measure Local Defendants’ “significance” without further fact-finding, speculation, or perhaps a deep and current knowledge of Union Pacific’s operations. The dissent would take judicial notice of the sixteen separate railyards Union Pacific operates in California. It uses this fact both to impugn the complaint,- which it claims implies “that Union Pacific operates *890 only a single railyard in the state of California,” and to construct hypotheticals about the distribution and scheduling of Union Pacific’s workforce throughout all of California. Extrapolating the distribution of management, employees, and alleged violations of California Labor Code § 604 from the number of railyards goes well beyond what we “know as judges.” Rusak v. Holder, 734 F.3d 894, 897 (9th Cir. 2013) (quoting Ho Ah Kow v. Nunan, 12 F. Cas. 252, 255 (C.C.D.Cal. 1879)). Based on the dissent’s notice of extrinsic evidence regarding the number of railyards in the state, it remains no more likely that there are equal violations at each of Union Pacific’s sixteen railyards than that violations are concentrated at a central or dispatching railyard where Christmas and the named Local Defendants work.[1] However, based on the complaint, which we must look to “rather than to extrinsic evidence” in this inquiry, Coleman, 631 F.3d at 1016, the violations Christmas alleges and seeks relief from on behalf of the class occur at the railyard where he works as a result of the conduct of Local Defendants.
Finally, the dissent asserts that on the complaint alone, even without sua sponte fact-finding, it would conclude Local Defendants are “unambiguously [ ] small change” because they cannot be expected to provide “significant monetary relief.” Like in Coleman, there is “nothing in the complaint to suggest that” the Local Defendants are “nominal” or have “so few assets” that Christmas does not seek “significant monetary relief,” nor is there anything to suggest that the injunctive relief sought against the Local Defendants is “insignificant.” Id. at 1020. Just because the local defendant in Coleman was a corporation and Local Defendants here are individuals does not allow us to presume their indigence. The dissent would have us convert this Court’s observation of an absence of information in the Coleman complaint to an affirmative requirement of information in Christmas’s complaint. Further inquiry would become the “mini-trial on the merits” which Coleman explicitly prohibits. Id. at 1017.
Because the claims against the Local Defendants are “significant” for the purposes of CAFA’s “local controversy” exception, the district court was required to remand the case to the state court. We therefore vacate its order granting Union Pacific’s motion for judgment on the pleadings.
REVERSED, REMANDED, and VACATED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

, Even if the dissent were correct about an even distribution of class members and violations, Christmas includes 50 additional unnamed defendants who may well be the local counterparts of the named Local Defendants for all sixteen of the Union Pacific railyards in the state.